IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BROAD STREET, INC., an Alabama Corporation d/b/a BROAD STREET,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT**<br><br>**Plaintiffs request trial by jury:**<br>☐ Yes  ☒ No |

The Plaintiff, BROAD STREET, INC., an Alabama Corporation d/b/a BROAD STREET, by and through its undersigned counsel, and hereby file this Complaint against the UNTIED STATES of AMERICA pursuant to 7 U.S.C. §2018(d) and 7 U.S.C. §2023(a)(13)-(16), and in support thereof, state the following:

SUMMARY OF THE CASE

1. The Plaintiff is a retail food store located at 602 Broad Street, Selma, Alabama 36701. The store does business as Broad Street and is referred to herein as "Broad Street."

2. This matter involves the Plaintiff's application for continued participation in the Supplemental Nutrition Assistance Program (SNAP) as an authorized retailer pursuant to 7 U.S.C. §2018 and 7 C.F.R. §278.1.

3. SNAP, formerly named the "Food Stamp Program," was crafted by Congress "to promote the general welfare, to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households." 7 U.S.C. §2011.

4. The program is statutorily codified in its entirety at 7 U.S.C. §§2011-2036(d), and regulatorily governed by 7 C.F.R. §§271-285. The Defendant, the United States of America,

operating through the U.S. Department of Agriculture (USDA), Food & Nutrition Service (FNS) oversees the administration of the program and the authorization of retailers to participate in the program.

5. In pertinent part, retail food stores apply to participate in SNAP under 7 U.S.C. §2018, and the Agency's corresponding regulation, 7 C.F.R. §278.1.

6. In pertinent part, 7 C.F.R. §278.1 provides two criterions under which a retailer may qualify to participate in SNAP:

> **Criterion A**: The store normally and continuously offers for sale at least three varieties of staple foods in each of the four staple food categories, with a minimum of at least three stock-units of inventory depth, and at least one variety of perishable foods in at least three staple food categories. (7 C.F.R. §278.1(b)(1)(ii)).
>
> **Criterion B**: The store has at least fifty percent (50%) of its total gross retail sales in staple food sales. (7 C.F.R. §278.1(b)(1)(iii).

7. The Plaintiff has participated in SNAP for approximately thirteen (13) years. The store has *never* been sanctioned by the Agency, nor have they ever had any issues with participation in the program.

8. Every five years the Plaintiff must undergo a reauthorization conducted by the Defendant.

9. The Plaintiff's authorization has been approved by the Agency time and again.

10. Furthermore, when the inventory requirements of 7 C.F.R. §278.1(b)(1)(ii) become more stringent in 2018, the Plaintiff continued to qualify for participation in the program under Criterion A.

11. In 2025, the Plaintiff was asked to apply for reauthorization by the Defendant.

12. The Plaintiff complied with the Agency's request and provided the required information and documentation.

13. As part of the Defendant's evaluation of the Plaintiff's reauthorization application process, a Store Visit Report (SVR) was compiled by a subcontractor at the behest of the Defendant. Neither the SVR or the pictures taken in conjunction therewith by the contractor have ever been disclosed to the Plaintiff.

14. The report was not created in cooperation with the Plaintiff, nor was the Plaintiff permitted to meaningfully participate in the process.

15. Evidently, the subcontractor failed to adequately document the Plaintiff's dairy food items.

16. As a result, and without further notice to the Plaintiff about the inventory issue, the Defendant issued a reauthorization denial on July 11th, 2025. The basis for the withdrawal (as stated in the letter) was:

> "Your firm fails to meet the inventory requirements under Criterion A because your Store does not carry three stocking units in at least three varieties of foods in the dairy product staple foods category(s).
>
> Your firm also fails to meet Criterion B because your firm's staple food sales comprise 50 percent or less of your annual gross retail sales"

17. The Plaintiff disputed the allegation and filed a request for Administrative Review pursuant to 7 C.F.R. §279.

18. The Defendant failed to provide the Plaintiff with a copy of the SVR or the photographs associated therewith.

19. The Defendant upheld the reauthorization denial upon the same grounds as prior determination.

20. This *trial de novo* Judicial Review has been filed as a result thereof.

## JURISDICTION & VENUE

21. The Plaintiff bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

22. This Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 7 U.S.C. §2018(d) and 7 U.S.C. §2023(a)(13)-(16). Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

23. Venue is appropriate in this District pursuant to 7 U.S.C. §2023(a)(13) and 28 U.S.C. §1391(b) as Plaintiff's business is owned and operated in Selma, Dallas County, Alabama, and because the facts giving rise the circumstances herein occurred in the Southern District of Alabama-Northern Division.

## PARTIES

24. The Plaintiff, BROAD STREET, INC., an Alabama Corporation d/b/a BROAD STREET, is a retail food store operating at 602 Broad Street, Selma, Alabama 36701. The Plaintiff is referred to herein as "Plaintiff" and "Broad Street."

25. The Defendant, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service. The Defendant may be referred to herein as "the Government" or "the Agency."

## GENERAL ALLEGATIONS

26. Broad Street has regularly and consistently maintained sufficient inventory to satisfy the requirements of 7 C.F.R. §278.1(b)(1)(ii).

27. The Defendant has conducted store visits multiple times over the past thirteen (13) years that the Plaintiff have operated as a SNAP retailer, all of which show the store to normally and continuously offer adequate dairy varieties and stocking units to satisfy the regulation's minimum requirements.

28. Indeed, at all times pertinent hereto, the Broad Street had more than the minimum requirements necessary for the Defendant to issue a reauthorization.

29. However, due to the poor documentation of the third party contractor, the Defendant failed to note that the Plaintiff continued to maintain such inventory as the normally and dependably have in the past.

30. The Defendant's determination that the Plaintiff did not qualify for continued participation was erroneous, and its decision to deny the SNAP reauthorization based upon the faulty SVR was arbitrary and capricious.

31. The Defendant was in possession of more than enough records of the Plaintiff's inventory over the past thirteen years to see that Broad Street normally and continuously stocked adequate staple food items.

32. The Plaintiff should have been reauthorized to participate in SNAP by the Defendant, and have incurred attorney's fees and court costs in bringing forth this matter.

## Request for Judicial Review

33. The Plaintiff re-aver the allegations set forth above as though fully set forth herein.

34. Broad Street is entitled to a hearing and trial de novo review of the Agency's factual conclusions and licensure determination as set forth in 7 U.S.C. §2018(d) and 7 U.S.C. §2023(a)(13)-(16).

35. The Plaintiff carried the necessary inventory to satisfy Criterion A of the authorization regulation (7 C.F.R. §278.1(b)(1)(ii)), and should have been granted reauthorization by the Agency as a result thereof.

36. Furthermore, the Agency arbitrarily violated its own policies and procedures in issuing the licensure denial by failing to request documentation demonstrative of inventory in a timely manner, and by failing to provide the SVR to the Plaintiffs for review and rebuttal.

37. Accordingly, the Plaintiff ask this Court to permit discovery into the authorization process, the SVR, and the Plaintiff long-standing Agency maintained records so as to demonstrate their qualification for participation in SNAP.

38. Further, the Plaintiff ask this Court to review and overturn the Defendant's errant reauthorization denial and issue a new SNAP license to the Plaintiff for a term of five years in accordance with 7 U.S.C. §2023(a)(16).

39. The Plaintiff should be awarded their attorney's fees and court costs under the Equal Access to Justice Act.

WHEREFORE, the Plaintiff, BROAD STREET, INC., an Alabama Corporation d/b/a BROAD STREET, respectfully request this Honorable Court enter Judgment against the Defendant, issue a new SNAP license to the Plaintiff for a term of five (5) years, and award the Plaintiff their attorney's fees and court costs incurred in bringing forth this matter.

Dated: February 4, 2026                     Respectfully submitted,

                                                                             **METROPOLITAN LAW GROUP, PLLC**

                                                                             */s/ Andrew Z. Tapp*
                                                                             ANDREW Z. TAPP, ESQ.
                                                                             Florida Bar No.: 68002
                                                                             *Pro Hac Vice*[1]
                                                                             1971 W. Lumsden Road, #326

---

[1] Application for Pro Hac Vice to be filed.

Brandon, Florida 33511-8820
Telephone: (813) 228-0658
Facsimile: (813) 330-3129
Email: Andrew@Metropolitan.Law
LaJeana@Metropolitan.Law

**COUNSEL FOR PLAINTIFF**